UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| FEDERATED MUTUAL INSURANCE COMPANY, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No.: 4:09-CV-00131 AGF |
| | ) |
| WALLIS LUBRICANT, LLC, et al. | )<br>)<br>) |
| Defendants. | ) |

**ORDER AND FINAL JUDGMENT**

Upon consideration, the Court hereby grants Plaintiff Federated Mutual Insurance Company's Motion for Default Judgment against Defendants Robert N. Stenzel and Stenzel Packaging Corporation and now enters Final Judgment against Defendants Robert N. Stenzel and Stenzel Packaging Corporation and in favor of Plaintiff Federated Mutual Insurance Company on its Complaint for Declaratory Judgment. Thus, the Court declares and adjudges as follows:

1. On January 20, 2009, Plaintiff Federated Mutual Insurance Company ("Plaintiff") filed its Complaint for Declaratory Judgment in the United States District Court for the Eastern District of Missouri naming Defendants Robert N. Stenzel and Stenzel Packaging Corporation as Defendants.

2. The Court has both subject matter jurisdiction over the claims asserted in Plaintiff's Complaint and personal jurisdiction over Defendants Robert N. Stenzel and Stenzel Packaging Corporation.

3. On January 20, 2009, the day the Complaint was filed, Plaintiff sent Defendants Robert N. Stenzel and Stenzel Packaging Corporation Requests for Waiver of Service of Summons.

4. On February 12, 2009, Defendant Robert N. Stenzel executed a Waiver of Service of Summons and returned it to Plaintiff's counsel. Plaintiff's counsel filed the executed Waiver of Service of Summons with the Court on February 18, 2009.

5. On February 12, 2009, Defendant Stenzel Packaging Corporation executed a Waiver of Service of Summons and returned it to Plaintiff's counsel. Plaintiff's counsel filed the executed Waiver of Service of Summons with the Court on February 18, 2009.

6. Pursuant to Rule 4(d)(3) of the Federal Rules of Civil Procedure, Defendants Robert N. Stenzel and Stenzel Packaging Corporation have failed to answer or otherwise respond within sixty (60) days.

7. On April 3, 2009, Plaintiff filed a Motion for Entry of Clerk's Default against Defendants Robert N. Stenzel and Stenzel Packaging Corporation.

8. On April 7, 2009, the Clerk of the Court filed its Entry of Default against Defendants Robert N. Stenzel and Stenzel Packaging Corporation.

9. The Court, therefore, pursuant to Rule 55 of the Federal Rules of Civil Procedure, hereby enters judgment by default against Defendants Robert N. Stenzel and Stenzel Packaging Corporation in this matter for failing to answer or otherwise defend in accordance with the Federal Rules of Civil Procedure.

10. In entering default judgment against Defendants Robert N. Stenzel and Stenzel Packaging Corporation, the Court specifically finds that:

    (a) Plaintiff issued insurance policy numbers 9256051 and 9256052 to Wallis Lubricant for the policy period of October 28, 2002 to October 28, 2003;

        insurance policy numbers 0969911 and 017439 to Wallis Oil for the policy period of February 22, 2003 to February 22, 2004; insurance policy numbers 9035735 and 9035736 to Wallis Energy for the policy period of February 7, 2003 to February 7, 2004; and insurance policy numbers 9256504 and 9256505 to Wallis Petroleum for the policy period of July 11, 2002 to July 11, 2003 (hereinafter collectively "Policies")

(b)    Defendants Stenzel Packaging and Robert N. Stenzel filed a Petition in the Circuit Court of the County of Franklin, State of Missouri, Case No. 08AB-CC00175 (hereinafter "Underlying Petition"), alleging that Defendants Wallis Lubricant, Wallis Oil, Wallis Energy, Wallis Petroleum, Charles W. Wallis and Lynn Wallis (hereinafter "Wallis Defendants") intentionally exercised control over, and sold or discarded, property belonging to Stenzel Packaging and Robert N. Stenzel which was in the possession of the Wallis Defendants at #1 Midwest Drive, Pacific, Missouri.

(c)    The Wallis Defendants (with the exception of Charles W. Wallis, who is deceased) filed a claim under the Policies with Plaintiff for defense and indemnification arising out of the allegations in the Underlying Petition.

(d)    No coverage under or arising out of the Policies exists for the allegations in the Underlying Petition, including the allegation that the Wallis Defendants intentionally exercised control over, and sold or discarded, property allegedly belonging to Stenzel Packaging and Robert N. Stenzel in the possession of the Wallis Defendants at #1 Midwest Drive, Pacific, Missouri.

(e)    Because there is no coverage under the Policies for any causes of action arising out of the allegations in the Petition, Plaintiff has no duty to make payment for the alleged loss of the property allegedly belonging to Defendants Stenzel Packaging and Robert N. Stenzel at #1 Midwest Drive, Pacific, Missouri, or to make payment to Defendants Stenzel Packaging and Robert N. Stenzel for any causes of action arising out of the allegations in the Petition, regardless of whether liability for such payment is sought by contract, assignment, garnishment, operation of law, or otherwise.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Final Judgment is entered against Defendants Robert N. Stenzel and Stenzel Packaging Corporation and in favor of Plaintiff Federated Mutual Insurance Company with costs taxed in favor of Plaintiff Federated Mutual Insurance Company and against Defendants Robert N. Stenzel and Stenzel Packaging Corporation.

**SO ORDERED:** _____
District Court Judge

**DATE:** _____5/19/09_____